UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY PAGAN,<br><br>      Plaintiff,<br><br>-against-<br><br>MIDHUDSON FORENSIC PSYCHIATRIC HOSPITAL; KIRBY HOSPITAL; MEDIA, PUBLIC NETWORK; BELLEVUE HOSPITAL; CREEDMORE HOSPITAL,<br><br>      Defendants. | 23-CV-10050 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Plaintiff is currently involuntarily committed at Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson") under New York Criminal Procedure Law § 330.20, the state statute that sets forth the procedure following a verdict or plea by reason of insanity or mental illness.

  By order dated November 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants Mid-Hudson, Kirby Forensic Psychiatric Center ("Kirby"), Bellevue Hospital, Creedmoor Psychiatric Center ("Creedmoor"), and "Media, Public Network."[1]

Plaintiff, who is involuntarily committed at Mid-Hudson pursuant to Section 330.20, brings this action seeking a "right to a speedy trial" and a "right to have the Grand Jury." (ECF 1, at 2.) In the complaint, he states, "when I got arrested at the Bronx 2015 . . . I got questioned about what got said regarding a situation that was failed to allow me to be before the grand jury which forced an indictment . . . which lead to years of being incarcerated." (*Id.* at 4.) "[M]ental health got involved . . . to force false incrimination, illegal indictment." (*Id.*) He seeks "to finally finish the arrest procedure," and contends that the procedure followed "forced me to be held in the premises on the grounds of the hospital of Midhudson as a § 330.20." (*Id.*) "As a result, the charge has not been investigated." (*Id.* at 5.) Moreover, "[e]vidence got misunderstood due to illegal proceedings with the court . . . violating my due process right." (*Id.*)

Plaintiff complains of being "on television," being "circumcised a little" and undergoing a back operation at Bellevue, as well as being "beaten by staff" at Kirby. (*Id.*) His injuries include, "negligence for the operations as listed as not requested." (*Id.*) He seeks money damages and "an investigation of all the situations discussed and listed above." (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

## DISCUSSION

A.  **Claims Against Mid-Hudson and Kirby**

The Court must dismiss the claims against Mid-Hudson and Kirby, two of the three state psychiatric centers named in the complaint and operated by New York State agencies. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against Mid-Hudson and Kirby are therefore barred by the Eleventh Amendment and are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent Plaintiff seeks to bring claims regarding his conditions of confinement at Mid-Hudson and Kirby, he must allege claims against individual defendants who were personally involved in creating or perpetuating such conditions. Accordingly, the Court grants Plaintiff 30 days' leave to file an amended complaint to assert any such claims. Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant, describing all relevant events, what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred.

**B.     Claims Against Creedmoor**

Any Section 1983 claims brought against Creedmoor also must be dismissed under the Eleventh Amendment. *See Gollomp*, 568 F.3d at 366. The Court therefore dismisses these claims under 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court declines to grant Plaintiff leave to amend any claims based on events that occurred at Creedmoor, which is located in Queens County, New York. Under the venue statute, 28 U.S.C. § 1391(b), the proper venue for claims brought under Section 1983, is the district where the defendants reside, if they all reside in the same state, or where the events giving rise to the claims occurred. Queens County is located in the Eastern District of New York. Thus, the United States District Court for the Eastern District of New York appears to be a more proper venue in which to bring any claims that arose at Creedmoor.

**C.     Claims Against Bellevue Hospital**

Plaintiff alleges that, while he was held at Bellevue Hospital, which is operated by New York City Health + Hospitals ("H+H"), he was "circumcised a little" and had back surgery without his consent. The Court construes these allegations as asserting a claim against H+H, which provides health services to individuals at Bellevue Hospital.[2]

To state a claim under Section 1983 against a municipal entity such as H+H, it is not enough for Plaintiff to allege that one of its employees or agents engaged in some wrongdoing. Plaintiff must show that the entity itself caused the violation of his rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of

---

[2] H+H is a public benefit corporation created under New York State law and has the capacity to be sued, N.Y. Unconsol. Laws §§ 7384(1), 7385(1).

4

rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Mejia v. NYC Health & Hosp. Corp.*, No. 16-CV-9706, 2018 WL 3442977, at 5 (S.D.N.Y. July 17, 2018) ("As a municipal corporation, [H+H] and its employees are state actors for purposes of Section 1983.").

Plaintiff does not state facts suggesting that H+H caused the violation of his rights, or, that any H+H employee violated his rights. Plaintiff does not describe specifically what occurred at Bellevue, when the events giving rise to his claims occurred, why he underwent back surgery and a circumcision, who performed these operations, and the reasons why he did not provide consent. The Court therefore dismisses these claims for failure to state a claim because Plaintiff does provide sufficient information suggesting that H+H or any H+H employee at Bellevue Hospital violated his rights. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to amend his complaint to bring a claim against H+H, or individuals employed at H+H, and to plead facts in support of his allegation that he underwent a circumcision and/or back surgery without his consent.

**D.     Media, Public Network**

Plaintiff names as a Defendant, "Media, Public Network," presumably regarding Plaintiff's being on television. Inasmuch as Plaintiff seeks to bring a claim against "the media," regarding his being broadcasted on television, the Court dismisses the claim for failure to state a claim because "Media, Public Network" is not an entity that exists. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Challenge to Involuntary Commitment**

To the extent Plaintiff challenges the constitutionality of his continued commitment at Mid-Hudson, he first must challenge his commitment order in state court. Because the complaint does not suggest that Plaintiff exhausted his state court remedies regarding any challenge to his

current commitment, the Court declines to characterize this civil rights action as a *habeas corpus* petition brought under 28 U.S.C. § 2254. Plaintiff may bring a Section 2254 petition, challenging his commitment order, following exhaustion of his state court remedies.[3] Footnote three below explains what must be done to exhaust Plaintiff's state court remedies.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims that are based on events occurring at Mid-Hudson, Kirby, and/or Bellevue.

---

[3] A petitioner who is in custody pursuant to a state court judgment may seek a federal writ of *habeas corpus* on the ground that his or her custody violates federal law, provided that the petitioner has exhausted all available state court remedies or is excused from doing so. *See* 28 U.S.C. § 2254; *Picard v. Connor*, 404 U.S. 270, 275 (1971). "This requirement applies with equal force to insanity acquittees held pursuant to CPL § 330.20." *Francis S. v. Stone*, No. 97-CV-2178 (LAK), 995 F. Supp. 368, 375-77 (S.D.N.Y. Feb. 24, 1998), *aff'd*, 221 F.3d 100 (2d Cir. 2000). Therefore, an individual confined pursuant to Section 330.20 must present each federal claim first to a New York court, then appeal any adverse decision to the extent of any appeals as a matter of right, and then seek discretionary appeals to New York's highest court. *Makas v. Holanchock*, No. 02-CV-0836 (JKS), 2007 WL 1651830 at *6 (N.D.N.Y. Jun. 7, 2007).

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: January 16, 2024
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge